EBENEZER R. HOLMES *vs.* ROBINSON MANUFACTURING COMPANY.

60 201
87 483

*Declaration—amendment of.  New cause—what is.*

In assumpsit on an account annexed for a certain number of tons of hay at a specified rate per ton, wherein the only dispute relates to the quantity, an amendment adding a count on a parol submission and award, of the specific question in controversy introduces no new cause of action, and is allowable.

But an amendment, adding a count on a parol submission and award, not of the quantity of hay, but ' of divers controversies ' between the parties, does introduce a new cause of action; and still if it is certain that no testimony was introduced in support of such an amendment, and the jury only considered the testimony under the other counts, exceptions will not be sustained for allowing the amendment.

And it seems such an amendment may, under such circumstances, be stricken out after verdict.

ON EXCEPTIONS, AND MOTION to set aside the verdict as being against the weight of evidence.

ASSUMPSIT on an account annexed for eight tons of hay at fifteen dollars per ton, delivered March 1, 1867.

The writ was dated Jan. 31, 1870, and returnable at the succeeding March term.

At the following September term the plaintiff obtained leave to amend against the seasonable objection of the defendants, by adding the two following counts:

For that on the ———— day of November, A. D. 1868, the said defendants having before that time purchased and received of the plaintiff a certain quantity of hay, at the rate of fifteen dollars per ton ; and a controversy has arisen between the said defendant and the said plaintiff concerning the quantity of said hay purchased and received as aforesaid, thereupon the said plaintiff and defendants aforesaid, at said Oxford, to wit, at said Paris, by their mutual agreement, appointed one William W. Dennen to hear and determine for them the said controversy, and then and there mutually and concurrently promised each other to stand to, abide by, and perform the award of the said Dennen thereupon.   And the said Dennen, there- afterwards, to wit on the same day, there heard the said plaintiff and the said defendants concerning the same, and adjudged on the premises, and awarded that the said defendants had purchased and received as aforesaid the full amount of eight tons of hay as afore- said, and then and there notified the said parties, plaintiff and de- fendant aforesaid, of the said award.   In consideration whereof the said defendants then and there became liable to pay to the said plaintiff fifteen dollars for each and every ton of said eight tons of hay aforesaid, and in consideration thereof promised the plaintiff to pay him the same sums, amounting in all to one hundred and twen- ty dollars on demand.

.Also, for that on the ———— day of November, A. D. 1868, there were divers controversies between the plaintiff and defendants con- cerning their mutual debts and dealings, and thereupon they then, at said Oxford, to wit, at said Paris, by their mutual agreement, appointed one William W. Dennen, to hear and determine for them all the said controversies, and mutually and concurrently promised each other to stand to and abide by and perform the award of the said Dennen thereupon.   And the said Dennen thereafterwards,

Holmes *v.* Robinson Manufacturing Company.

on the same day, there heard the plaintiff and defendants, and adjudged upon the premises, and awarded that the said defendants should pay to the plaintiff the sum of one hundred and twenty dollars on demand, and then and there notified the same parties of the same.

The only question of fact in controversy was as to the quantity of hay delivered.

There was testimony on the part of the plaintiff tending to prove that he sold and delivered to the defendants, in March, 1867, eight tons of hay at fifteen dollars per ton.

There was testimony on the part of the defendants, tending to prove that the hay weighed but 12,180 lbs.

There was testimony on the part of the plaintiff tending to show that the parties submitted the question as to the quantity of hay by parol to one Dennen, and that he orally published his award, finding that there were eight tons. And there was testimony on part of the defendants tending to show that the submission was revoked and the award never made.

The jury returned a verdict for the plaintiff of $131.82; and the defendants alleged exceptions to the ruling, allowing the amendments.

*J. J. Perry,* in support of the exceptions, that the amendments introduced a new cause of action, and were inadmissible. *Haynes* v. *Morgan,* 3 Mass. 208; *Ball* v. *Claflin,* 5 Pick. 303; *Guilford* v. *Adams,* 19 Pick. 176; *Annis* v. *Gilmore,* 47 Maine, 152; *Cooper* v. *Waldron,* 50 Maine, 80; *Greenwood* v. *Curtis,* 4 Mass. 93; *Vancleef* v. *Therasson,* 3 Pick. 12; *Newhall* v. *Huzzey,* 18 Maine, 249.

That the submission and award is a bar to an action on the original claim. *Duren* v. *Getchell,* 55 Maine, 241, 249; *Colcord* v. *Fletcher,* 50 Maine, 398; *Wyman* v. *Hammond,* 55 Maine, 534; Colby's Pr. 32.

Counsel also argued the motion at length.

*Virgin & Upton,* for the plaintiff.

APPLETON, C. J. This is an action of assumpsit on an account annexed for eight tons of hay at fifteen dollars per ton. There was no dispute as to the price of the hay. The only controversy between the parties related to the quantity.

The plaintiff was permitted to amend by adding a count setting forth that a controversy had arisen as to the amount of hay delivered, and that this question had been referred by parol to a referee, who awarded the amount of hay to be the same as set forth in the first count, and a promise to abide by and perform said award.

The hay referred to in the first is the same as that mentioned in the second count. The amendment, therefore, introduces no new cause of action. In *Perrin* v. *Keene*, 19 Maine, 355, a suit was brought upon a note signed in the name of the firm by one of the copartners after its dissolution. It was held not binding upon the firm, and leave to amend was granted by filing a new count upon the original cause of action.

In *Burnham* v. *Spooner*, 10 N. H. 165, the plaintiff declared upon a promissory note given for certain goods sold by him to the defendant. He was permitted to amend by filing a count for goods and merchandise sold and delivered. In *Downer* v. *Shaw*, 23 N. H. 125, in debt on a judgment recovered in another State, on a promissory note, the court allowed the declaration to be amended by adding a count upon the note. In *Goodrich* v. *Bodurtha*, 6 Gray, 323, it was held that an action pending upon a judgment which was reversed during the pendency of the suit for want of jurisdiction, might be amended by declaring upon the note. The first count was properly added by way of amendment. *Colton* v. *King*, 2 Allen, 317.

It is not perceived why the award, relating only to the quantity, might not have been introduced to support the first count. In that case, the amendment would be unnecessary and immaterial.

The second count, which was added by way of amendment, sets forth that various controversies having arisen between the parties, they were submitted to a referee, by whom an award was made, and that the defendant promised to abide by and perform said

award, etc. This manifestly introduces a new cause of action, for any matter in controversy might have been introduced under this count. But the evidence is fully reported, and it is abundantly manifest that no evidence was offered to support this count. The defendant has in no wise suffered from this amendment. As the case shows that no evidence was offered under this count, it may be stricken out after verdict. *Hayward* v. *French*, 12 Gray, 453.

There is no such preponderance of proof on the part of the defendant as would justify or require that the verdict should be set aside as against evidence. *Exceptions and motion overruled.*
*Judgment on the verdict.*

CUTTING, WALTON, DICKERSON,· and DANFORTH, JJ., concurred.